IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARTIS C. CARROLL, JR.** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 22-1720** |
| | : | |
| **GEORGE W. HILL CORRECTIONAL FACILITY,** *et al.* | : | |
| | : | |

# ORDER

**AND NOW**, this 8th day of December 2022, upon extensive study of the incarcerated Plaintiff's two consolidated pro se complaints relating to his pretrial incarceration in a state facility, consistent with our Congressionally mandated screening obligations after granting Plaintiff the right to proceed *in forma pauperis* (ECF Doc. No. 13) over six months ago,[1] finding Plaintiff cannot as a matter of law ever plead several claims but may otherwise state claims if properly plead, and for reasons in the accompanying Memorandum, it is **ORDERED** we **DISMISS** all of the incarcerated Plaintiff's pro se claims in this consolidated action for reasons in the attached Memorandum:

---

[1] Mr. Carroll appealed our June 28, 2022 Order consolidating two of his cases before us, No. 22-1720 and 22-2110. ECF Doc. No. 32; 25 (Consolidation Order). Ordinarily an interlocutory appeal divests us of jurisdiction. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58–59 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

We deferred to the Court of Appeals' jurisdiction to be cautious with a serial pro se litigant. Our Court of Appeals dismissed the appeals in the last few weeks. ECF Doc. Nos. 35, 36, and 37. We returned to our analysis leading to today's accompanying Memorandum and this Order.

1.	We **DISMISS with prejudice** claims seeking declaratory relief for past conduct, release from custody, money damages under the Pennsylvania Constitution, all claims against the Delaware County Prison and the Facility, and claims regarding denial of inmate handbooks;

2.	We **DISMISS** the remaining claims **without prejudice** including claims challenging the conditions of confinement at the Facility's Intake Unit and potential denial of access to court based both on individual personal liability or under some form of supervisory or municipal liability reminding Plaintiff he must plead specific conduct as to each individual state actor and plead the challenged policy or custom to impose municipal liability under the civil rights laws as more fully detailed in the accompanying Memorandum;

3.	We **GRANT** Plaintiff leave to file an amended Complaint as to claims not dismissed with prejudice consistent with the accompanying Memorandum no later than **January 10, 2023** or we will close this case.[2]

4.	The Clerk of Court shall:

---

[2] *Weber v. McGrogan*, 939 F.3d 232, 2239-240 (3d Cir. 2019) ((explaining we may infer a intends to stand on his complaint from inaction after we issue an order directing him to take action to cure a defective complaint). The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). A *Poulis* analysis is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

a. not issue summons for service until further Order; and,

b. mail a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number to Plaintiff for his use in No. 22-1720.[3]

_____
**KEARNEY, J.**

---

[3] This form is also available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.