IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTIS C. CARROLL, JR. | : CIVIL ACTION |
| | : |
| v. | : NO. 22-1720 |
| | : |
| DELAWARE COUNTY OF | : |
| PENNSYLVANIA, THE GEO GROUP, | : |
| INC., THE DELAWARE COUNTY | : |
| JAIL OVERSIGHT BOARD, | : |
| CORRECTIONAL OFFICER F. | : |
| WEAVER, CORRECTIONAL | : |
| OFFICER A. BANKS, MICHAEL | : |
| MOORE, LIEUTENANT MOORE, | : |
| DAVID BYRNE, LEE TATUM, | : |
| MARIO COLOUCCI, and KEVIN | : |
| MADDEN | : |

## ORDER

**AND NOW**, this 10th day of April 2023, having screened the incarcerated Plaintiff's pro se amended Complaint (ECF Doc. No. 46) consistent with Congress's mandate, finding he barely pleads sufficient facts to proceed on two conditions of confinement claims against certain identified state actors but otherwise cannot plead his remaining claims after two attempts following our grant of Plaintiff's amended Petition for *in forma pauperis* (ECF Doc. No. 13), and for reasons in today's accompanying Memorandum, it is **ORDERED**:

1. We **dismiss with prejudice** Plaintiff's claims under the First and Fifth Amendments for access to the courts and retaliation, under the Fourth Amendment for an unpled claim, and under the Fourteenth Amendment challenging conditions of confinement at the George W. Hill Correctional Facility **other than** a claim for damages arising from exposure to extreme cold and overcrowding in the Facility's Intake Unit in November 2021 and February 2022;

2. We **dismiss** Segreant McCaffrey, Sergeant Serody, Sergeant Royals, Correctional Officers Scott, Gilbert, Adaghe, Hilton, Gallangher, Compliance Coordinator Bowel, employees Leach and Swider, Counselors Collins and George, Librarians Keith and Shaw, Warden Williams, and John Does #1 through #19;

3. Plaintiff may proceed on his amended Complaint (ECF Doc. No. 46) solely on his conditions of confinement claim seeking damages based on the extreme cold and overcrowded conditions in the Intake Unit at the George W. Hill Correctional Facility in November 2021 and February 2022 against Correctional Officers A. Banks and F. Weaver, Classification Coordinator Michael Moore, Facility Administrator David Byrne, Warden Lee Tatum, Deputy Warden Mario Coloucci, Lieutenant Moore, Jail Oversight Chairman Kevin Madden, The Geo Group, Inc., Delaware County, and the Delaware County Jail Oversight Board;

4. We amend the **caption** consistent with the caption of this Order;

5. The amended Complaint (ECF Doc. No. 46) is **DEEMED** filed;

6. The Clerk of Court shall issue summonses as to Correctional Officers A. Banks and F. Weaver, Classification Coordinator Moore, Facility Administrator David Byrne, Warden Lee Tatum, Deputy Warden Mario Coloucci, Lieutenant Moore, Jail Oversight Chairman Kevin Madden, The Geo Group, Inc., Delaware County, and the Delaware County Jail Oversight Board;

7. Service of the summonses and the amended Complaint (ECF Doc. No. 46) shall be made upon remaining Defendants by the U.S. Marshals Service at no cost to the Plaintiff consistent with 28 U.S.C. § 1915(d);

8. Plaintiff shall promptly return the completed USM-285 forms with the full names (as best known) and addresses for Correctional Officers A. Banks and F. Weaver, Classification Coordinator Michael Moore, Facility Administrator David Byrne, Warden Lee Tatum, Deputy

Warden Mario Coloucci, Lieutenant Moore, Jail Oversight Chairman Kevin Madden, The Geo Group, Inc., Delaware County, and the Delaware County Jail Oversight Board;

9. All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of Court. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*). Service may be made by mail. Proof that service has been made is provided by a certificate of service. The certificate of service should be filed in the case along with the original papers and should show the day and manner of service. An example of a certificate of service by mail follows:

> "I, (name), do hereby certify that a true and correct copy of the foregoing (name of pleading or other paper) has been served upon (name(s) of person(s) served) by placing the same in the U.S. mail, properly addressed, this (day) of (month), (year).
>
> _____
> (Signature)"

10. Requests for court action must be made by a motion, properly filed, and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court. The Federal Rules of Civil Procedure, Local Rules and our Policies are to be followed. Mr. Carroll is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions under our Policies and Orders. Failure to do so may result in dismissal. All parties are required to follow this Court's Policies and Procedures in effect at the time of the anticipated action ("Policies") and Default Order on Electronic Discovery found at www.paed.uscourts.gov;

11. Plaintiff is specifically directed to comply with our Policies and Local Rule 26.1(f) which provides "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure

3

governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute."

12. Plaintiff shall attempt to resolve discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence;

13. No direct communication is to take place with the District Judge or United States Magistrate Judge about this case. All relevant information and papers are to be directed to the Clerk of Court;

14. In the event a summons is returned unexecuted, it is Plaintiff's responsibility to ask the Clerk of Court to issue an alias summons and to provide the Clerk with the Defendant's correct address to effect service; and,

15. The parties should notify the Clerk's Office when there is an address change. Failure to do so could result in Orders or other information not being timely delivered, which could affect the parties' legal rights.

_____
KEARNEY, J.